IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THOMAS T JONES                                                                    PETITIONER
ADC #149152

V.                                        5:15-cv-00026-BRW-JTK

WENDY KELLEY, Director,                                                  RESPONDENT
Arkansas Department of Correction


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge Billy Roy Wilson.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must,

at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if
        such a hearing is granted) was not offered at the hearing before the
        Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing

before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

<u>DISPOSITION</u>

Petitioner Thomas Jones, an inmate at the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after pleading guilty to first degree domestic battery. (Doc. No. 1.) For the following reasons, the Court recommends the district court deny Mr. Jones's petition as untimely.

I.     PROCEDURAL HISTORY

On May 14, 2012, Mr. Jones pleaded no contest to first degree domestic battery in the Jefferson County, Arkansas, Circuit Court. (Doc. No. 2 at 69.) Pursuant to his negotiated plea agreement, he agreed to serve seventy-two months in the ADC. (*Id.*). The clerk filed the sentencing order on May 23, 2012. (*Id.*). Mr. Jones admits that he did not appeal his conviction, nor did he file for post-conviction relief in state court. (Doc. No. 1 at 1-2.)

On January 28, 2015, Mr. Jones filed this petition for a writ of habeas corpus. (Doc. No. 1.) On May 22, 2015, the Director of the ADC ("Director") filed a response, asking the Court to deny the petition. (Doc. No. 5.) On June 9, 2015, Mr. Jones filed a reply brief. (Doc. No. 6.)

II.     STANDARD OF REVIEW

2

A district court has jurisdiction to entertain a petition for a writ of habeas corpus on behalf of a prisoner in custody pursuant to a state court judgment. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the petition for a writ of habeas corpus within one year after the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" unless one of the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-filed application for State post-conviction relief or other collateral review is pending, the time "shall not be counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of limitations for filing a petition for a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

A tenable actual innocence claim is also not barred by the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct 1924, 1928 (2013). To prove actual innocence, a petitioner would have to prove that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The new evidence must be "reliable" and "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.

III.   ANALYSIS

3

In his petition, Mr. Jones claims that he was denied his "right to choice of counsel in violation of [the Sixth Amendment of the Untied States Constitution.]" (Doc. No. 1 at 4.)

Here, Mr. Jones's petition is not timely. The circuit court filed its sentencing order on May 23, 2012. From that date, Mr. Jones had thirty days to appeal his conviction. *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (citing Ark. R. App. P.–Crim. 2(a)(1)).  After the thirty days, the one year statute of limitations to file a federal habeas petition began running. *Id.* at 935. Therefore, Mr. Jones had until June 24, 2013 to file his petition for a writ of habeas corpus.[1] He did not do so until January 28, 2015, making his petition untimely. Mr. Jones does not allege that any of the statutory exceptions apply to his petition.

Mr. Jones's petition is not entitled to equitable tolling. Liberally construed, Mr. Jones argues that his petition is entitled to equitable tolling because he did not know that the trial court did not enter an order relieving his retained trial counsel until after the statute of limitations for filing a state post-conviction petition had expired. (Doc. No. 2 at 14.) This does not demonstrate diligence by Mr. Jones, as required by *Holland*. Instead, the record shows that Mr. Jones did not file anything in any court from 2012 until 2015. Therefore, his case is not entitled to equitable tolling.

Even if Mr. Jones demonstrated diligence, he does not allege an extraordinary circumstance that stood in his way and prevented him from filing a timely petition. It is apparent from his petition that the circuit court told Mr. Jones that the public defender was representing him from the time of the guilty plea, and Mr. Jones understood that fact. (*See* Doc. No. 2 (stating multiple times that the circuit judge informed him that the public defender was

---

[1] June 23, 2013, fell on a Sunday, so Mr. Jones had until the next day to file his petition. FED. R. CIV. P. 6(1)(C).

4

representing him and that the public defender stood with him when he pleaded no contest)). Mr. Jones's unawareness that the circuit court did not file an order relieving counsel is not an "extraordinary circumstance" that "stood in his way" and prevented him from filing a timely petition alleging a Sixth Amendment violation. Therefore, the statute of limitations should not be equitably tolled in this case.

Mr. Jones does not claim that he is actually innocent, so that exception does not apply to this case.

Mr. Jones claims that if he shows "cause" and "prejudice" for his untimely filing, then he is entitled to tolling of the statute of limitations. (Doc. No. 2 at 10.) However, a petitioner is only required to show "cause" and "prejudice" to excuse a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). These requirements do not apply to tolling the statute of limitations. *Holland*, 560 U.S. at 650. Nonetheless, the Court construed the arguments for "cause" as arguments that equitable tolling should apply under *Holland*. After carefully reviewing Mr. Jones's claims, the Court finds that he is not entitled to equitable tolling in this case. Therefore, his petition should be denied as untimely.

IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Jones has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of

appealability.

V.        CONCLUSION

Mr. Jones's petition for writ of habeas corpus (Doc. No. 1) is not timely and should be denied, dismissing this action in its entirety with prejudice. The district court should not issue a certificate of appealability.

It appears that counsel for the Director is no longer with the Arkansas Attorney General's Office. The Clerk is directed to send a copy of this recommended disposition to the Director and the Arkansas Attorney General by regular mail.

IT IS SO ORDERED this 20th day of November, 2015.

_____
United States Magistrate Judge